Filed 8/21/25  Lo v. Miran CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| YUNG-TAI LO et al.,<br><br>    Cross-defendants and<br>Appellants,<br><br>        v.<br><br>ARIA MIRAN,<br><br>    Cross-complainant and<br>Respondent. | G064654<br><br>(Super. Ct. No. 30-2023-01339745)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Theodore R. Howard, Judge. Affirmed.

Lubin Pham + Caplin, Namson Pham and JC Chimoures for Cross-defendants and Appellants.

LS Carlson Law, Kirk C. Pearson and Richard B. Canada for Cross-complainant and Respondent.

* * *

This is a dispute between neighbors initiated by plaintiffs and cross-defendants Yung-Tai Lo and Che-Jen Liang (collectively, the Los), against their next-door neighbor, defendant and cross-complainant Aria Miran, relating to Miran's operation of allegedly noisy pool and spa equipment in his backyard too close to the fence line with the Los' property. The subject of this appeal is Miran's cross-complaint against the Los for invasion of privacy and related claims based on allegations the Los spied on, videotaped, photographed, and recorded Miran and his family and guests while they were in the privacy of Miran's backyard.

Lo moved to strike the cross-complaint under the anti-SLAPP statute. (Code Civ. Proc., § 425.16.) In the motion, the Los contended the allegations of the cross-complaint are false and they only created audio recordings of Miran's property to capture the sound of the pool equipment to use in mediation and to make reports to the City of Irvine and the parties' homeowners association (the HOA). The trial court denied the motion on the ground the acts that form the basis of the cross-complaint are not protected activities under the anti-SLAPP law. We affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Los filed their complaint against Miran[1] for breach of the covenants, codes and restrictions (CC&Rs) that govern the parties' properties and violation of Government Code section 36900 arising from Miran's alleged

_____

[1] Although not at issue in this appeal, the Los also sued the HOA for breach of fiduciary duty, and declaratory relief.

2

violation of certain city ordinances.[2] The Los also asserted claims for nuisance, negligence, and declaratory relief. The gravamen of the Los' complaint is that Miran's pool equipment is excessively noisy and not set back sufficiently from the parties' shared wall.

Miran filed a cross-complaint against the Los alleging causes of action for constructive invasion of privacy (Civ. Code, § 1708.8, subd. (b)), physical invasion of privacy (*id.*, subd. (a)), invasion of privacy, nuisance, and breach of equitable servitudes. All claims alleged in the cross-complaint arise from Miran's allegations that the Los, who live directly next door to Miran, have been conducting unauthorized surveillance of Miran and his family while they are in the privacy of Miran's backyard.[3]

In response to the cross-complaint, the Los filed an anti-SLAPP motion, contending the claims alleged in Miran's cross-complaint arise from the Los' exercise of their free right of petition and Miran cannot demonstrate his claims have merit. Lo submitted a declaration in support of the motion, in which he denied the allegations of the cross-complaint and explained the Los' motivation for making the challenged recordings of Miran's property. Specifically, Lo stated they made a series of audio-only recordings of the noise generated by Miran's pool equipment for use in mediating the dispute with

---

[2] Government Code section 36900, subdivision (a), creates a private right of action for violation of a city ordinance.

[3] Miran cites multiple criminal cases, including *People v. Lovelace* (1981) 116 Cal.App.3d 541, 550, for the proposition that he possesses a reasonable expectation of privacy while in his backyard.

Miran[4] and reporting the noise problem to the City of Irvine and the HOA. Although Lo mentions unspecified photographs "regarding Miran's home" in his declaration, he denied taking photographs or making video or audio recordings of Miran, his family, or guests. Miran opposed the anti-SLAPP motion.

The trial court denied the Los' motion. The court found the Los "failed to meet their burden of establishing that the alleged actions of videotaping, photographing or otherwise recording the actions of Miran and his family while they were in their private backyard were in furtherance of their right of petition or free speech" and "[t]he core conduct underlying Miran's privacy claims involve injuries caused by activities outside the boundaries of conduct to which the anti-SLAPP statute applies." As to the declaration submitted by Lo, the trial court concluded the arguments "go to the merits of the claims asserted by Miran and not to the first prong of the analysis under [Code of Civil Procedure section] *426.16*."

The Los timely appealed the denial of their motion.

DISCUSSION

"We review de novo the grant or denial of an anti-SLAPP motion. [Citation.] We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067.) "To determine whether a claim arises from protected activity, courts must 'consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the

---

[4] Lo states they made a series of recordings of the noise generated by Miran's pool and spa equipment prior to and in anticipation of mediation and made a subsequent audio recording during mediation.

4

basis for liability.' [Citation.] Courts then must evaluate whether the defendant has shown any of these actions fall within one or more of the four categories of "'act[s]'" protected by the anti-SLAPP statute." (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884 (*Wilson*).)[5] "A 'claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted.'" (*Ibid.*) "In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (Code Civ. Proc., § 425.16, subd. (b)(2).) Only if the court finds such a showing has been made does it need to then determine "whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.)

The centerpiece of Miran's cross-complaint is the Los' alleged invasion of privacy of Miran, his family, and his guests, while in Miran's backyard. An action for invasion of privacy based on the theory of intrusion into private places, conversations, or matter "has two elements: (1) intrusion

---

[5] Under the anti-SLAPP statute, an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (Code Civ. Proc., § 425.16, subd. (e).)

into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." (*Shulman v. Group W Productions, Inc.* (1998) 18 Cal.4th 200, 231.)

The trial court determined—and we agree—that videotaping, photographing, and spying on someone while they are in an allegedly private area is not protected activity under the anti-SLAPP statute.[6] The Los contend that, in evaluating the first prong of the anti-SLAPP analysis, the court should not have considered only the allegations of the cross-complaint, but also should have considered and given weight to the Los' own version of events and their asserted motivation for making the recordings of Miran's property, all as explained in Lo's declaration. The Los rely on *Wilson, supra*, 7 Cal.5th 871, for the proposition the court was required to consider Lo's declaration and the Los' asserted motivation in conducting the alleged surveillance of Miran, as well as their version of events, in determining whether their conduct was protected under the anti-SLAPP statute. We disagree with the Los and conclude the court properly denied the motion.

First, the facts in *Wilson* are distinguishable. The "primary question before" the court in *Wilson* "concern[ed] the [anti-SLAPP] statute's application to employment discrimination and retaliation claims." (*Wilson*,

_____

[6] For this reason, we need not reach the second prong of the anti-SLAPP analysis, i.e., whether Miran met his burden of showing a probability of success on the merits of the cross-complaint. At oral argument, counsel for the Los argued Miran's pool equipment was being operated illegally and the Los therefore cannot be liable for invasion of privacy pursuant to Civil Code section 1708.8, subdivision (l)(2). That section carves out from the scope of actionable invasion of privacy the photographing or recording of activities that are "illegal or otherwise criminal activity." (Civ. Code, § 1708.8, subd. (l)(2).) The Los' argument goes to the *merits* of the lawsuit, i.e., the second prong of the anti-SLAPP analysis, so we do not decide it.

*supra*, 7 Cal.5th at p. 881.) The case involved claims by a former employee of a news agency for employment discrimination and retaliation, in which discriminatory motive is a key element. (*Id.* at pp. 885–887.) The plaintiff in that case alleged the news agency took actions against him for unlawful discriminatory and retaliatory reasons. (*Id.* at p. 881.) In support of its anti-SLAPP motion, the news agency contended its decision to fire the plaintiff was "in furtherance of its right to determine who should speak on its behalf on matters of public interest." (*Id.* at p. 882.) The Supreme Court held "that for anti-SLAPP purposes discrimination and retaliation claims arise from the adverse actions allegedly taken, notwithstanding the plaintiff's allegation that the actions were taken for an improper purpose." (*Id.* at p. 892.) This analysis would necessarily permit a defendant to introduce evidence showing their action qualifies as one in furtherance of protected speech or petitioning. (*Id.* at pp. 889–891.)

Evidence of the Los' claimed motivation in making the challenged recordings does not assist them. The thrust of Miran's cross-complaint is invasion of privacy based on the alleged videotaping and photographing of Miran and his family and guests while in the private area of his backyard. The Los do not cite any authority, and we are not aware of any, holding tortious conduct such as invasion of privacy is protected activity under the anti-SLAPP statute if defendants submit a self-serving declaration stating their motivation for the alleged tortious conduct was to create evidence for use in mediation or to report legal violations to third parties. Even in the context of the *press* pursuing stories of public importance—clearly protected conduct—the press is not immune from torts committed in the process. (See *Shulman v. Group W Productions, Inc., supra,* 18 Cal.4th at p. 236 [holding "First Amendment does not immunize the press from liability for torts or

crimes committed in an effort to gather news" in tort action against reporter for violating automobile accident victim's right to privacy to gain a newsworthy story]; see *Nicholson v. McClatchy Newspapers* (1986) 177 Cal.App.3d 509, 518 ["'[t]he publisher of a newspaper has no special immunity from the application of general laws. He has no special privilege to invade the rights and liberties of others'"]; see also *Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 820, overruled on another ground in *Equilon Enterprises v. Consumer Cause, Inc., supra*, 29 Cal.4th at p. 68, fn. 5 [distinguishing a protected act of filing a lawsuit against a developer against the unprotected act of burning down the developer's office for the purpose of staging a political protest; in the latter situation, "the defendant's motion to strike could be summarily denied without putting the developer to the burden of establishing the probability of success on the merits"].)

The Los had the burden of making a prima facie showing that Miran's cross-complaint against them arises "'from any act of [the Los] in furtherance of [the Los'] right of petition or free speech under the United States or California Constitution in connection with a public issue.'" (*Wilcox v. Superior Court, supra,* 27 Cal.App.4th at p. 820.) The Los did not meet their burden.

## DISPOSITION

The order is affirmed. Respondent to recover costs on appeal.


GOODING, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


DELANEY, J.